UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

MARGARITA ISAAC,
and
ARNICIA ISAAC,
Individually, and on behalf of all            Case No.:
others similarly situated,
        Plaintiffs,

v.

AT HOME INN, LLC,
d/b/a AT HOME INN – FORT PIERCE
and KEVIN GALLAGHER,
        Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiffs, individually and on behalf of all others similarly situated, and file this Complaint for violation of the Fair Labor Standards Act and states as follows:

## JURISDICTION

Jurisdiction in this Court is proper under 28 U.S.C. §1331 as this claim is for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et. seq.

## VENUE

Venue is proper in this Court as the Defendants maintain business operations within the District.

## PARTIES[1]

1. Plaintiff Margarita Isaac ("Margarita") resides in St. Lucie County, Florida.

2. Plaintiff Arnicia Isaac ("Arnicia") resides in St. Lucie County, Florida.

3. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. 203(e)(1).

4. At all times material hereto, Defendant At Home Inn, LLC ("At Home") was, and continues to be, in the business of hotel accommodations and, therefore, is an "enterprise engaged in commerce" within the meaning of the FLSA.

5. At all times material hereto, Defendant At Home and Gallagher were "employers" as defined by 29 U.S.C. §203(d).

6. Based on information and belief, the annual dollar volume of Defendant At Home is in excess of $500,000. per annum.

7. Plaintiffs attempted to resolve this matter without litigation but were not successful.

## FACTUAL ALLEGATIONS

8. Plaintiffs are both former housekeepers that were employed by Defendants.

---

[1] Since both named Plaintiffs have the same last name, they will be referred to throughout this Complaint by their first names.

9. Plaintiff Margarita was employed by Defendants from December 20, 2017 until March 2019.

10. Plaintiff Arnicia was employed by Defendants from September 12, 2018 until March 2019.

11. Plaintiffs both signed a document entitled "Employee Policies and Procedures."

12. The Policies and Procedures state that Plaintiffs' pay would be "$5-checkouts/stayovers, $2.50-part cleaning, $1 extra-stripped $10 cart stock 5t, $5 cart stock 4 and under $10 any hourly" referring to cleaning windows, chairs, conference rooms, etc.

13. The Policies contained a section titled, Workplace Policies which sets forth the expectation that the Plaintiffs were expected to be present during their scheduled working times.

14. Generally, Plaintiffs began work at 8:00 a.m. and left at 4:00 p.m. However, there were days that the Plaintiffs worked until 5:00 or 6:00 p.m.

15. Plaintiffs were not required to clock in/out or provide any other type of record of when they arrived or left.

16. Plaintiffs only submitted a document daily reflecting how many rooms they each cleaned, carts they stocked, etc.

## COUNT 1
## FLSA MINIMUM WAGE CLAIM
(Individual and collective claim)

The foregoing paragraphs are hereby incorporated by reference into this Count.

17. Defendants failed to keep records of the employees' hours worked or regular rate for any week in which overtime is worked as required by 29 C.F.R. §516.2-516.5.

18. Plaintiffs were not paid the required minimum wage.

19. Defendants compensation of Plaintiffs and similarly situated employees violated the minimum wage provisions of the FLSA.  Therefore, Plaintiffs and similarly situated employees are entitled to minimum wage for all hours worked.

20. Defendants recklessly failed to investigate whether the manner in which Plaintiffs and similarly situated employees were being paid the minimum wage in compliance with the FLSA.

21. Defendants have the burden of proving that they had a good faith and reasonable belief that Plaintiffs and similarly situated employees were being paid correctly.

22. Since Defendants are in possession of pay records, there may be additional payments that violate the minimum wage overtime provision but cannot be identified at this time.

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated employees, seek judgment against the Defendants as follows:

a. That this Court certify that action as a collection action pursuant to 29 U.S.C. §216(b);

b. Judgment against Defendants for an amount equal to Plaintiffs' and similarly situated employees' wages at the applicable minimum wage rate;

c. An award of liquidated damages in the amount equal to the award of damages pursuant to 29 U.S.C. §216(b);

d. Judgment that Defendants' violations were willful;

e. An award of reasonable attorney's fees and costs incurred by Plaintiffs and similarly situated employees in bringing this action; and

f. All such further relief as the Court deems just and equitable.

## COUNT 2
## FLSA OVERTIME WAGE CLAIM
(Individual and collective claim)

The foregoing Factual Allegation paragraphs are hereby incorporated by reference into this Count.

23. There are times where the Plaintiffs and other similarly situated employed worked more than 40 hours in a work week and were not paid time and a half their regular rate.

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated employees, seek judgment against the Defendants as follows:

   a. That this Court certify that action as a collection action pursuant to 29 U.S.C. §216(b);
   b. Judgment against Defendants for an amount equal to Plaintiffs' and similarly situated employees' overtime wages at time and one-half their regular rate;
   c. An award of liquidated damages in the amount equal to the award of damages pursuant to 29 U.S.C. §216(b);
   d. Judgment that Defendants' violations were willful;
   e. An award of reasonable attorney's fees and costs incurred by Plaintiffs and similarly situated employees in bringing this action; and
   f. All such further relief as the Court deems just and equitable.

### COUNT 3
### VIOLATION OF FLA.STAT. §440.205
### (Individual claim of Margarita Isaac)

24. Margarita was injured on the job on March 5, 2019.

25. The initial doctor's note indicated that Margarita should take three days off work.

26. On the day Margarita was scheduled to return to work, she was still in too much pain to return to work so she sent a text to her supervisor advising that she would not be able to come in.

27. Margarita received a text back that she was fired because she couldn't work her schedule and hadn't responded to a prior text.

WHEREFORE, Plaintiff Margarita seeks judgment for lost wages, benefits, front pay and other remuneration; all other compensatory damages allowable under law; emotional distress damages, punitive damages, prejudgment and post judgment interest and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

Dated this 6th day of December 2019         Respectfully submitted,

*/s/Beth Coke*
Beth Coke
Fla. Bar No. 70726
beth@cokeemploymentlaw.com
Coke Employment Law
131 North Second Street
Suite 204
Fort Pierce, Florida 34950
Telephone (772) 252-4230
Fax (772) 252-4575
Attorney for Plaintiffs